UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                               )
SHEILA WALSH,                  )    Case No. _____
                               )
              Plaintiff,       )
                               )
      v.                       )
                               )
GITLAB, INC.                   )
                               )
              Defendants.      )
_____)
```

## COMPLAINT

1. Plaintiiff Sheila Walsh brings this claim against her former employer, Gitlab, Inc. ("Gitlab" or "Defendant"), on the grounds that Gitlab violated (1) the Age Discrimination in Employment Act, as amended ("ADEA"), 29 U.S.C. § 621 *et seq*.; (2) Massachusetts General Laws ch. 151B § 1 *et seq*.; (3) the Federal Equal Pay Act, 29 U.S.C.A. § 206(d)(1) *et seq*.; (4) and the Massachusetts Equal Pay Act, M.G.L. c. 149 § 105A *et seq.* As set forth below, Plaintiff was a model employee and exceeded all sales expectations in her position as an Area Sales Manager for Defendant. Nevertheless, Defendant violated the Equal Pay Act by paying her less than her male counterparts and discriminated against Plaintiff and unlawfully terminated her based on her age.

## THE PARTIES

2. Plaintiff Sheila Walsh is an adult resident of Salem, Massachusetts. Ms. Walsh is 65 years old and female. Plaintiff worked as an Area Sales Manager for Defendant from August 19, 2019 to September 21, 2022.

3. Defendant Gitlab, Inc., is a software technology company which does business in Massachusetts with its corporate headquarters in San Francisco, California.

**JURISDICTION**

4. This Court has general federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case arises under federal law, namely, the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 *et seq*. and the Federal Equal Pay Act, 29 U.S.C.A. § 206(d)(1) *et seq*.

5. This Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the Plaintiff is a resident of a state different than the Defendant and the amount in controversy exceeds $75,000.

6. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

7. The United States District Court for the District of Massachusetts is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2) because the Plaintiff worked in Massachusetts. Furthermore, Gitlab engages in business activities in and throughout the Commonwealth of Massachusetts.

**STATEMENT OF FACTS**

8. Plaintiff successfully worked from August 2019 to September 2022 as an Area Sales Manager for Defendant.  In her role, she led six Gitlab employees to ensure sales targets were met to achieve corporate revenue goals.

9. Throughout Plaintiff's thirty-year career in sales, she achieved wide success and consistently met her employers' quotas and expectations.  Particularly, during the three years that she worked for Defendant, she achieved 122% of her sales

targets for the first quarter of fiscal year 2023, meaning she outperformed the company's expectations.

10. Despite this great success, Plaintiff was given a written "warning" that her performance was subpar.

11. This practice of contradictory performance reviews was not isolated to the Plaintiff. Indeed, under the Plaintiff's manager there was a pattern of pervasive age discrimination at Gitlab as numerous other employees, who were over the age of 40 and who outperformed their sales goals were also provided pretextual written warnings during this same time period.

12. Following the contradictory performance reviews that targeted employees over the age of forty, Plaintiff and many other employees were terminated as part of a layoff that disproportionately targeted Defendant's employees over the age of forty.

13. The targeting of older employees for adverse action was consistent with Defendant's company culture in which she and other employees over the age of forty were referred to as the "old guard" in numerous meetings.

14. In addition to discriminating against Plaintiff based on her age, she also received a lower compensation package than her male counterparts who performed equivalent work within the sales team.

15. Individuals on the sales team receive a base salary, which dictates the commission percentage that they receive. Thus, a higher base salary will equate to a higher commission percentage.

16. As an example, Plaintiff is aware of two male colleagues who worked in a comparable position as her but who had a higher base salary and thus a higher

commission. They were paid more than Plaintiff despite the fact that these individuals had fewer responsibilities than Plaintiff.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. Plaintiff Sheila Walsh timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Massachusetts Commission Against Discrimination ("MCAD") sixty days prior to filing this complaint.

## COUNT I
## AGE DISCRIMINATION IN EMPLOYMENT ACT, (ADEA) 29 U.S.C. § 621, *et seq.*

18. Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

19. Defendant discriminated against Plaintiff by terminating her employment based on her age in violation of 29 U.S.C. § 621, *et seq.*

## COUNT II
## VIOLATIONS OF M.G.L. c. 151B § 1, *et seq.*

20. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

21. Defendant discriminated against Plaintiff by terminating her based on her age in violation of M.G.L. c. 151B §1, *et. seq.*

## COUNT III
## EQUAL PAY ACT, 29 U.S.C.A. § 206(d)(1) *et seq.*

22. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

23. Defendant discriminated against Plaintiff by paying higher compensation to male employees who performed substantially equal work in violation of 29 U.S.C.A. § 206(d)(1) *et seq*.

## COUNT IV
## MASSACHUSETTS EQUAL PAY ACT, M.G.L. c. 149 § 105A *et seq.*

24. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

25. Defendant discriminated against Plaintiff by paying higher compensation to male employees who performed substantially equal work in violation of M.G.L. c. 149 § 105A *et seq*.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all her claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. An award of actual and punitive damages;

2. Attorneys' fees and costs;

3. Prejudgment and Post judgment Interest; and,

4. Any other relief to which the plaintiff is entitled.

    Respectfully submitted,

    SHEILA WALSH,

By her attorneys,


*/s/ Matthew Patton*
Adelaide Pagano, BBO # 690518
Matthew Patton, BBO # 703798
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
(617) 994-5800
apagano@llrlaw.com;
mpatton@llrlaw.com

Dated:     March 2, 2023